UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RONNIE DUREN,

                Plaintiff,

    -against-

DETECTIVE JEFFREY RAYMOND, DETECTIVE
SGT. GREGORY QUINN, DISTRICT ATTORNEY
KATHLEEN RICE,

                Defendants.
----------------------------------------------------------X

ORDER
12-CV-298(SJF) (WDW)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ FEB 02 2012 ★

LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

I.     Introduction

On January 20, 2012, incarcerated pro se plaintiff Ronnie Duren ("plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants Detective Jeffrey Raymond, Detective Sgt. Gregory Quinn, and District Attorney Kathleen Rice (collectively "defendants"). See Complaint [Docket Entry No. 1] ("Compl."). Plaintiff also filed an application to proceed in forma pauperis. Upon review of the declaration accompanying plaintiff's application, I find that plaintiff's financial status qualifies him to commence this action without the prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, the application to proceed in forma pauperis is granted. However, for the reasons discussed herein, the complaint is sua sponte dismissed. As set forth below, plaintiff is granted thirty (30) days to file an amended complaint.

II.    The Complaint

Plaintiff's brief, handwritten complaint on the Court's civil rights complaint form fails to allege any wrongful conduct, much less any constitutional deprivation, by any of the defendants. The plaintiff's claim, in its entirety, reads as follows:

> On or about June 28, 2011 at approximately 6:30 a.m. this claimant was arrested at 262 Bainbridge Street, Brooklyn, New York and taken to Nassau County Police Headquarters in the Mineola and charged with the alleged April 16, 2011 murder of Michael Prophet and the attempted murders of Hayden Forrest and Henry Fowler in the parking lot of 340 Pennisula Blvd. Hempstead, New York, along with other charges.

Compl. at ¶ IV. As a result of the foregoing, plaintiff claims to have suffered "physical, mental and emotional anguish, [h]ypertension and anxiety attacks." Plaintiff alleges that "medication has been prescribed for hypertension." Id. at ¶ IV.A. Plaintiff seeks to recover "punitive and compensatory damages in the amount of $25,000,000.00." Id. at ¶ V.

III.    Discussion

A.    The Prison Litigation Reform Act

Pursuant to 28 U.S.C. § 1915A, a district court "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A district court shall dismiss a prisoner's complaint sua sponte if the complaint is "(1) frivolous, malicious, or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B) (for in forma pauperis

2

proceedings); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys. The Court is required to read the plaintiff's pro se complaint liberally, Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed.2d 251 (1976)); Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. Aug. 17, 2010), and to construe it "'to raise the strongest arguments'" suggested. Chavis, 618 F.3d at 170 (quoting Harris v. City of New York, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. Sept. 17, 2010) (citing Ashcroft v. Iqbal, __U.S.__, 129 S. Ct. 1937, 1949-50, 173 L. Ed.2d 868 (2009)). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __U.S.__, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (citations omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. at 1955).

B.  Federal Rule of Civil Procedure 8

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that pleadings present a "short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach averment of a pleading shall be simple, concise and direct." Fed. R. Civ. P. 8; Swierkiewicz v. Sorema, NA., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed.2d 1 (2002). Pleadings must give "fair notice of what the plaintiff's claim is and the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed.2d 577 (2005) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957), overruled in part on other grounds by Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007)).

However, "[d]ismissal of a complaint in its entirety should be 'reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any is well disguised.'" Infanti v. Scharpf, 06-CV-6552(ILG), 2008 WL 2397607, at *2 (E.D.N.Y. June 10, 2008) (quoting Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1998)). Given the Second Circuit's preference that pro se cases be adjudicated on the merits, leave to amend the complaint should be given at least once. Salahuddin, 861 F.2d at 42.

C.  Section 1983

Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation

4

> of any rights, privileges, or immunities secured by the Constitution
> and laws, shall be liable to the party injured. . . . .

42 U.S.C. § 1983 (2000). To state a Section 1983 claim, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010), cert. denied sub nom Cornejo v. Monn, 131 S. Ct. 158 (2010), (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create any independent substantive right; but rather is a vehicle to "redress...the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999); see also Rosa R. v. Connelly, 889 F.2d 435, 440 (2d Cir. 1989).

In addition, in order to state a claim for relief under Section 1983, the plaintiff must allege the personal involvement of a defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). Accordingly, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ascroft v. Iqbal, 129 S. Ct. 1937, 1948-49, 173 L. Ed.2d 868 (2009). Accordingly, a complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See, e.g., Johnson v. Barney, 360 Fed. App'x 199, 2010 WL 93110, at *1 (2d Cir. Jan. 12, 2010).

Plaintiff alleges no conduct by any of the defendants, much less any constitutional deprivation. Accordingly, plaintiff's claims are dismissed unless he files an amended complaint in accordance with the requirements of Federal Rule of Civil Procedure 8, and describes the

5

conduct allegedly attributable to each defendant.

**The amended complaint must be filed within thirty (30) days of the date of entry of this Order. It must be titled "Amended Complaint" and bear the same docket number as this order, No. 12-CV-298(SJF)(WDW). If plaintiff fails to file an amended complaint within the time allowed, the complaint shall be dismissed and judgment shall enter.** If plaintiff files an amended complaint, it shall be reviewed pursuant to 28 U.S.C. § 1915A.

IV. Conclusion

For the foregoing reasons, plaintiff's application to proceed in forma pauperis is granted and the complaint is sua sponte dismissed. Plaintiff is granted leave to file an amended complaint as set forth above **within thirty (30) days from the date of entry of this Order.** The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

**SO ORDERED.**

         s/ Sandra J. Feuerstein

         Sandra J. Feuerstein
         United States District Judge

Dated:  February 2, 2012
      Central Islip, New York