D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RONNIE DUREN,

                Plaintiff,

    -against-

COUNTY OF NASSAU, DET. JEFFREY
RAYMOND, DET. SGT. GREGORY QUINN,
DET. ROBERT NARDO, STATE OF NEW YORK,

                Defendants.
----------------------------------------------------------X

<u>ORDER</u>
12-CV-0298 (SJF)(WDW)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ SEP 23 2013 ★

LONG ISLAND OFFICE

FEUERSTEIN, J.

The <u>pro se</u> plaintiff, Ronnie Duren ("plaintiff"), filed his original complaint on January 20, 2012, and his First Amended Complaint on February 16, 2012. [Docket Entry Nos. 1, 6]. Plaintiff filed a Second Amended Complaint on June 15, 2012. [Docket Entry No. 11]. On December 31, 2012, defendants County of Nassau, Detective Jeffrey Raymond, Detective Sgt. Gregory Quinn, Detective Robert Nardo (collectively, "defendants"), and District Attorney Kathleen Rice[1] filed a motion to dismiss, which was referred to Magistrate Judge Wall on February 20, 2013. [Docket Entry No. 13]. Plaintiff's time to oppose the motion was extended to April 22, 2013. [Docket Entry No. 20]. On April 18, 2013, the <u>pro se</u> office returned plaintiff's "Motion for Leave to File Supplemental Complaint" without docketing because the papers did not reflect service on the defendants. [Docket Entry No. 21]. On April 25, 2013, plaintiff filed a letter indicating he would refile the motion within two weeks, but he did not do so. [Docket Entry No. 22]. Now before the Court is the Report and Recommendation of

---

[1] The complaint was dismissed with prejudice as against District Attorney Kathleen Rice pursuant to this Court's Order dated April 11, 2012. [Docket Entry No. 7].

Magistrate Judge Wall dated July 29, 2013 recommending that the Court grant defendants' motion to dismiss and dismiss plaintiff's claims in their entirety (the "Report"). [Docket Entry No. 28]. On August 26, 2013, Plaintiff filed objections to Magistrate Judge Wall's Report ("Pl. Obj.") and an accompanying motion for leave to file an amended complaint with an attached supplemental complaint. [Docket Entry Nos. 29, 30]. Counsel for the defendants filed a letter in opposition to plaintiff's objections on September 18, 2013. [Docket Entry No. 33]. For the reasons that follow, all objections are overruled, plaintiff's request to file an amended complaint is terminated as moot, and the Court adopts Magistrate Judge Wall's Report in its entirety.

I.  Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct proceedings of dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." Frankel v. City of New York, Nos. 06 Civ. 5450, 07 Civ. 3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009). The Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are made. See Thomas v. Arn, 474 U.S. 140, 150 (1985). To accept the report and recommendation of a magistrate judge on a dispositive matter to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. See Fed. R. Civ. P. 72(b); N. Shore-Long Island Jewish Health Care Sys., Inc. v. MultiPlan, Inc., No. 12 Civ. 1633, 2013 WL 3488560, at *2 (E.D.N.Y. July 12, 2013) (where no specific objection made, "the Court may accept the findings contained therein,

as long as the factual and legal bases supporting the findings are not facially erroneous"); Johnson v. Goord, 487 F. Supp. 2d 377, 379 (S.D.N.Y. 2007), aff'd, 305 Fed App'x 815 (2d Cir. Jan. 9, 2009); Baptichon v. Nevada State Bank, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004), aff'd, 125 Fed. App'x 374 (2d Cir. Apr. 13, 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Although the objections to a report and recommendation of a pro se party should be accorded leniency, "even a pro se party's objections . . . must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Pinkney v. Progressive Home Health Servs., No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotation marks and citation omitted); see also Walker v. Vaughan, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002).

II. Analysis

Plaintiff only objects to "to the dismissal with prejudice against the defendants named in this action" and requests that the Court dismiss the Second Amended Complaint without prejudice so that plaintiff may procure numerous documents "that would help support the claims set forth by this action." Pl. Obj. at 2. This is a general objection subject to review under the "clear error" standard. See Frankel, 2009 WL 465645, at *2.

Magistrate Judge Wall correctly determined that plaintiff's "complaint falls squarely into the category of Section 1983 actions barred by *Heck* and its progeny." Report at 7. In Heck v. Humphrey, the Supreme Court held that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. 477, 487 (1994). The instant action for monetary damages rests upon plaintiff's allegation that

the probable cause for his arrest was based on perjured testimony – which implicitly challenges the validity of plaintiff's conviction. Plaintiff's conviction has not been invalidated, and thus, Heck compels dismissal of plaintiff's Section 1983 claims. Magistrate Judge Wall recommended that defendants' motion to dismiss be granted on this ground and plaintiff has not filed a specific objection to this recommendation. Report at 7.

Plaintiffs' motion for leave to amend is denied because plaintiff cannot transform his claims into a cognizable Section 1983 action by pleading additional facts. At most, plaintiff's motion to amend the complaint can only be construed as a general objection to the Report subject to the "clear error" standard. See Rolle v. Educational Bus Transp., Inc., 2013 WL 783011, at *1 (E.D.N.Y. Feb. 27, 2013).

Upon review, the Court is satisfied that the Report is not facially erroneous. Accordingly, the Court accepts Magistrate Judge Wall's Report as an order of the Court. For the reasons set forth in the Report, defendants' motion to dismiss is granted and the Second Amended Complaint is dismissed with prejudice in its entirety. The Clerk of Court is respectfully directed to close this case and, in accordance with Rule 5(b)(2)(C) and Rule 77(d) of the Federal Rules of Civil Procedure, serve a copy of this order upon the pro se plaintiff by mailing a copy of the order to his last known address.

**SO ORDERED.**

s/ Sandra J. Feuerstein
_____
Sandra J. Feuerstein
United States District Judge

Dated: September 23, 2013
Central Islip, New York